**Opinion issued July 9, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-24-00075-CV**

———————————

**IN RE A.F. A/K/A A.N.F., A CHILD**

---

**On Appeal from the 313th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-05250J**

---

**MEMORANDUM OPINION**

Father appeals the trial court's order terminating his parental rights to A.F. a/k/a A.N.F. Father's court-appointed appellate counsel filed a notice of appeal on the father's behalf and has since filed a brief stating in his professional opinion that the appeal is without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Because we find no meritorious

issues after an independent review of the record, we affirm the trial court's judgment.

The *Anders* procedures apply in termination of parental rights cases. *In re J.S.*, 584 S.W.3d 622, 638 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Counsel filed a brief stating that he has complied with all *Anders* requirements. The Clerk of this Court attempted to independently notify Father that his counsel had filed an *Anders* brief, that he had the right to file a pro se response, and that he was entitled to a copy of the appellate record to assist in preparing his response. The letter was returned undeliverable. This Court ordered father's counsel to file with the court a copy of his notice to father of father's right to file a pro se response, an updated address for father, if any, and an updated confirmation of father's receipt of the record. On May 14, 2024, Father's counsel filed copies of two letters that were mailed and emailed to father, notifying him of his right to file a pro se response to the *Anders* brief and including a form motion for access to the record. Father's counsel also filed copies of two emails providing father with copies of the appellate record. Father has not filed a response.

Counsel's *Anders* brief states his professional opinion that no arguable grounds for reversal of the trial court's termination order exist and that any appeal would therefore lack merit and be frivolous. *See Anders*, 386 U.S. at 744. Counsel's brief meets the minimum *Anders* requirements by presenting a

2

professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (stating purpose of *Anders* brief is to assure appellate court that appointed attorney has made thorough and conscientious examination of record, provided court with appropriate facts of case and procedural history, and pointed out any arguable points of error).

When we receive an *Anders* brief from the appellant's appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *Johnson v. Dep't of Family & Protective Servs.*, No. 01-08-00749-CV, 2010 WL 5186806, at *1 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.) (mem. op.). If we determine that arguable grounds for appeal exist, we abate the appeal and remand the case to the trial court to allow the appointed attorney to withdraw. *Id.* at *2. Then, the trial court appoints another attorney to present all arguable grounds for appeal. *Id.* But if, after independently reviewing the record, we conclude that the appeal is frivolous, we may affirm the trial court's termination judgment by issuing an opinion explaining that we have reviewed the record and found no reversible error. *Id.* The parent may challenge that holding by filing a petition for review with the Texas Supreme Court. *Id.*

We have independently reviewed the entire record and counsel's *Anders* brief and agree with counsel's assessment that the appeal is frivolous and without merit. *In re A.M.*, 495 S.W.3d 573, 582 (Tex. App.—Houston [1st Dist.] 2016, pets. denied). Accordingly, we affirm the trial court's termination decree as to father.

We note that father's court-appointed appellate counsel maintains his duty to his client through the exhaustion or waiver of "all appeals." TEX. FAM. CODE § 107.016(3)(B). Accordingly, if father wishes to pursue an appeal to the Supreme Court of Texas, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016).

## Conclusion

We affirm the trial court's order terminating Father's parental rights to A.F. a/k/a A.N.F.

Peter Kelly
Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.